LEWIS J. GREENWALD v. NELSON CONSTRUCTION COMPANY.[1]

July 15, 1904.

Nos. 13,896—(210).

**Evidence—Opinion of Value.**

Appeal by defendant from an order of the district court for Hennepin county, Elliott, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff for $755. Affirmed.

*Gjertsen, Rand & Lund,* for appellant.

*John H. Steele,* for respondent.

PER CURIAM.

This appeal involves the admissibility of certain evidence and its sufficiency to support a verdict against defendant. Plaintiff recovered a verdict for the sum of $755 in an action in trover for the alleged conversion of twelve horses which he sent to the sales stable of defendant.

Evidence was offered tending to show that plaintiff called upon the defendant and refused to take a certain price for the horses, and directed the defendant to keep them pending further orders, and until a price could be decided upon. In defiance of this specific order the defendant sold the horses. While the evidence was conflicting, still all questions involving the ownership and value, as well as the alleged conversion of the horses, were fully and fairly submitted to the jury, and in our opinion the verdict is sustained by the evidence. A qualified witness was permitted, against defendant's objection, to express an opinion as to the value of such horses, in answer to the following question:

Q. Mr. Nolan has testified that he saw and examined these horses some time about the first of April of this year; that they were average draft horses, weighing probably thirteen hundred pounds; that they were in rather poor condition, and when in fair flesh would average about fifteen hundred pounds; that they were from eight to twelve years old, and sound so far as he could observe, except that one of them was blind. Now,

[1] Reported in 100 N. W. 1124.

in your judgment and opinion, what was the market value of this class of horses in April, of this year? * * * What, in your opinion, would that class of horses be worth apiece?

This was treated by both sides as a hypothetical question, and was objected to upon the ground that it did not conform to the facts, and was irrelevant and immaterial. While the form of the question may have been subject to objection, had it been assailed upon that ground, an examination of the record convinces us that the evidence fairly established the facts assumed in the question, and that the court did not err in permitting the witness to state his opinion in response thereto. We are also of the opinion that other assignments of error involving the introduction of evidence are not well taken.

Order affirmed.